IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TYRONE HILL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:12-132 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the Order granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 9) be vacated, that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for the Plaintiff's failure to pay the filing fee, with the right of the Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

II. REPORT

On February 6, 2012, Plaintiff in the above-captioned case submitted a complaint in the United States Court for the Western District of Pennsylvania and moved to proceed *in forma pauperis*. On May 7, 2012, this Court granted Plaintiff's Motion to Proceed *in forma pauperis* (IFP) in the current action (ECF No. 9). Subsequently, this Court discovered that Plaintiff has had at least three prior actions dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. Consequently, this Court is required to review the

Plaintiff's action under the directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records indicate that Plaintiff has had at least three prior strikes.

Specifically, in Hill v. Sanders, Civil Action No. 2:07-0013 (E.D. Ark.), on March 29, 2007, Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted. In Hill v. Sanders, *et al.*, Civil Action No. 2:06-0230 (E.D. Ark.), on April 23, 2007, Plaintiff's action was dismissed was dismissed for failure to state a claim upon which relief may be granted. In Hill v. Holinka, Civil Action No. 0:06-4720 (D. Minn.), on February 27, 2008, Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted for his failure to have exhausted his administrative remedies.

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed

IFP under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

A review of Plaintiff's allegations fails to indicate any imminent danger of physical injury caused by Defendant's alleged misconduct when the action was filed. Rather, Plaintiff is complaining about an alleged sexual assault that supposedly occurred on May 10, 2010.[1] Since that time, he has been transferred to another prison. Accordingly, Plaintiff's Motion to Proceed IFP should not have been granted under the three strikes rule in 28 U.S.C. § 1915(g).[2]

---

[1] This Court notes that Plaintiff has filed at least two other complaints in other federal courts wherein he makes substantially similar claims of sexual assault by other inmates.

[2.] It is noted by the Court that the docket entries in this action do not show that any filing fees have been received for this action.

## III. **CONCLUSION**

Based on the discussion above, it is respectfully recommended that the Order granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 9) be vacated, that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrates, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

May 30, 2012

                                                  s/ Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge

Tyrone Hill
71015-004
FMC DEVENS
Federal Medical Center
P.O. BOX 879 Unit N-1
Ayer, MA 01432